**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**TYRONE NUNN, SR.,**

      **Plaintiff,**

**vs.**                                                              **Case No. 4:08cv22-RH/WCS**

**SHERIFF TERRY LANGELY,
and LT. MARK SIMS,**

      **Defendants.**

<u>                              **/**</u>


<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, who is proceeding *pro se*, has filed a civil rights complaint under 42

U.S.C. § 1983, doc. 1, and a motion to proceed *in forma pauperis*, doc. 2.  Plaintiff is

currently detained or incarcerated within the State of Georgia and the named

Defendants are from Carroll County, Georgia.  Doc. 1.  It appears from the top of his *in*

*forma pauperis* motion, that Plaintiff intended to initiate this case in the Northern District

of Georgia and not in this Court.  Docs. 1, 2.  Thus, as Defendants and Plaintiff are both

located in Georgia, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and

28 U.S.C. § 90(a) is in the United States District Court for the Northern District of

Georgia, Newnan Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Northern District of Georgia, Newnan Division, for all further proceedings including a ruling on the *in forma pauperis* motion.

**IN CHAMBERS** at Tallahassee, Florida, on January 16, 2008.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**